IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

Donald Mark Shoff,                          )
                                            )
                    Petitioner,             )     Civil Action No. 8:04-22298-GRA-BHH
                                            )
        vs.                                 )     **REPORT OF MAGISTRATE JUDGE**
                                            )
John Ashcroft, Attorney General,            )
United States Department of Justice;        )
and John L. LaManna, Warden of the          )
Federal Correctional Institution at         )
Edgefield, South Carolina,                  )
                                            )
                    Respondents.            )
_____     )


        The petitioner, a state prisoner proceeding with the assistance of counsel,
seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

        Pursuant to the provisions of Title 28, United States Code, Section
636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to
review posttrial petitions for relief and submit findings and recommendations to the District
Court.


## FACTS PRESENTED

        The petitioner is currently incarcerated at the Federal Correctional Institution
(FCI) in Edgefield, South Carolina. In this action, the petitioner is challenging his federal
sentence. On August 6, 1992, the petitioner was arrested on federal criminal charges. He
was released on federal bond on August 7, 1992. On September 19, 1992, the petitioner
was arrested by authorities in Broward County, Florida, for three counts of sexual battery.
A federal warrant was then issued for a bond violation based on this arrest. The petitioner
was released on bond by Broward County and was arrested on September 25, 1992, by
federal officials on the bond violation. The petitioner was incarcerated until February 12,
1993, at which time he was again released on federal bond and released to a Broward

County detainer on the sexual battery charges. He was reinstated on a state bond by Broward County on February 13, 1993.

On March 8, 1993, the petitioner was arrested by Broward County for armed kidnaping and aggravated assault with a firearm. He remained in state custody and was sentenced on state charges on October 29, 1993. He was sentenced to two concurrent four-year state terms for the various Broward County charges (sexual battery, armed kidnaping, and aggravated assault with a firearm).

On March 14, 1994, the petitioner was removed from the Mayo Correctional Institution in Florida on a federal writ for prosecution on the federal charges. On August 11, 1995, while still out on the federal writ, the petitioner's state terms expired. He remained in federal custody.

The petitioner was sentenced by the United States District Court for the Southern District of Florida on March 27, 1997. He was sentenced to 84 months on each of two counts of interstate transportation of stolen goods, each to run concurrently to the other. He received an additional 60-month term for the use of a firearm conviction, which was to run consecutively to the other federal terms. His total federal sentence was 144 months. There is no reference in the federal judgment and commitment order to the state term.

The petitioner's sentence calculation begins on March 27, 1997, the date his federal sentence was imposed. He received credit toward that sentence for various days he spent in custody prior to that date, as follows:

> August 6-7, 1992 (pre-sentence credit; date of arrest to date of release on a bond);
> September 25, 1992 - February 12, 1993 (pre-sentence credit; date of second federal arrest to date of release on a federal bond); and
>
> August 12, 1995 - March 26, 1997 (day after state term expired to day before federal sentencing).

2

The petitioner does not dispute that he received these credits. However, he complains that he did not receive credit from March 8, 1993, to August 11, 1995 (the period of time he was in state custody) (pet. at ¶ 23).

On July 3, 1998, the petitioner filed a motion for clarification seeking to have the federal sentencing judge order the Bureau of Prisons (BOP) to grant him credit toward his federal term for 53 months and 12 days. In his motion, the petitioner claimed that the BOP had not awarded him the correct credit for jail time "because of the Court's failure to so state in the sentencing papers." On July 27, 1998, the Honorable Jose A. Gonzalez granted the petitioner's motion, stating that "[t]he Court shall recommend to the Bureau of Prisons that this defendant be given credit for time served."

Following this order, the BOP apparently continued to decline to give the petitioner credit for the time served because, according to the respondent, the petitioner had already received the credit toward service of his state sentence. On September 21, 1998, the petitioner filed a motion asking the court to correct the July 27, 1998, order and "command to the Bureau of Prisons that Defendant be given credit for time served" (ex. 6)[1]. On October 9, 1998, Judge Gonzalez denied the petitioner's motion, stating "[t]he court has by its Order of July 27, 1998, granted relief the Court deemed appropriate under federal law" (ex. 7).

According to the petition filed in this case, the petitioner filed both a direct appeal of his sentence and a §2255 petition, both of which were dismissed and denied by the district court in Florida (pet. at 5-7). The petitioner also filed two additional §2255 petitions concerning his sentence, one in Florida and one in California. Both of these petitions were denied (ex. 8; 9).

On January 6, 2004, the petitioner filed an Informal Resolution form at FCI Edgefield, asking for credit for "time spent in federal custody while being held in state facilities..." (ex. 10). The petitioner went through the administrative process, with his

---

[1]Exhibit numbers refer to exhibits attached to the respondents' motion for summary judgment.

requests being denied at each level.  The grounds for the denial were the same at each level, *i.e.*, that the time in question was credited toward the petitioner's state sentence and therefore could not be granted toward his federal sentence.  Further, the petitioner was advised that time spent in federal custody on a writ ad prosequendum cannot be credited toward his federal sentence, if that time was previously credited to another term.

## ANALYSIS

As an initial matter, the respondents note that the petitioner has named John Ashcroft, the United States Attorney General, and John LaManna, the warden of FCI Edgefield, as respondents to this action.  However, the only proper party respondent in a 28 U.S.C. §2241 action is the custodian of the petitioner, which in this case would be LaManna, the warden of FCI Edgefield. *Braden v. 30ᵗʰ Judicial Circuit Court*, 410 U.S. 484, 495 (1973).  Accordingly, the respondents move to dismiss Attorney General Ashcroft as a respondent to this action.  In his opposition to the respondents' motion, the petitioner did not address this issue.  Based upon the foregoing, Attorney General Ashcroft should be dismissed as a respondent in this action.

Under 28 U.S.C. §2241, federal district courts have jurisdiction to grant writs of habeas corpus to petitioners who are held in custody by the federal government in violation of the Constitution, laws or treaties of the United States. *See Bowrin v. United States Immigration and Naturalization Service*, 194 F.3d 483, 487 (2000).

The respondents argue that, under federal sentencing law, the petitioner is not entitled to credit for the time served on his state sentence because it would result in him receiving dual credit.  The petitioner was sentenced in accordance with the Sentencing Reform Act (SRA).  The statutory provisions carrying out the SRA, with regard to calculation of terms of sentence, are codified at 18 U.S.C. §3585(b).  This section provides:

Calculation of a term of imprisonment

(a)    Commencement of sentence.  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives

4

voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b)     Credit for prior custody.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. §3585.

BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), was promulgated to establish guidelines in the awarding of prior custody credit pursuant to 18 U.S.C. §3585(b).  See Exhibit 11.  Generally, prior credit would not be granted if the prisoner had already received the prior custody credit toward another sentence.  Program Statement 5880.28 at 1-16 and 1-21, 22.  According to the declaration of Sandra Lathrop, the Inmate Systems Manager at FCI Edgefield, the petitioner is not entitled to credit toward his federal terms for the period from March 8, 1993, up through August 11, 1995, because this period was already credited toward his state term.  Thus, to grant the petitioner the prior custody he seeks would result in him receiving dual credit. Courts have generally held that inmates may not receive dual credit.  *See Nguyen v. Department of Justice*, C.A. No. 97-6489, 1999 WL 96740 (6th Cir. Feb. 13,1999); *Ransom v. Morton*, C.A. No. 95-15127, 1995 WL 620935 (9th Cir. Oct. 16,1995); *Sinito v. Kindt*, 954 F.2d 467 (7th Cir.), *cert. denied*, 504 U.S. 961 (1992).  In this case, the petitioner received credit against his state sentence while he was awaiting sentencing for his federal offense.

There are exceptions to the rule against granting prior custody credits in situations where the prisoner has received credit toward another sentence.  *See Willis v. United States*, 438 F.2d 923 (5th Cir. 1971); *Kayfez v. Gasele* 993 F.2d 1288 (7th Cir. 1993).

Neither of these exceptions apply to the facts of this case and, therefore, are of no benefit to the petitioner.[2]

The petitioner also argues that the time he spent in federal custody under the federal writ of habeas corpus ad prosequendum should be applied as a credit. However, time spent in the custody of the United States Marshals Service pursuant to such a writ is not considered federal custody in connection with the federal offense. *See Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1996); *Chambers v. Holland*, 920 F.Supp. 618 (M.D.Pa.), *aff'd*, 100 F.3d 946 (3rd Cir. 1996). The issuance of the writ of habeas corpus ad prosequendum did not change the petitioner's custody status. Rather, it simply changed the location of his custody for the state sentence he was already serving. *United States v. Horton*, C.A. No. 95-5880, 1997 WL 76063 (4th Cir. Feb. 24,1997); *Munz v. Michael*, 28 F.3d 795, 797 (8th Cir. 1994).

## <u>CONCLUSION AND RECOMMENDATION</u>

Wherefore, based upon the foregoing, this court recommends that the respondents' motion for summary judgment be granted.

Bruce H. Hendricks

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

June 15, 2005

Greenville, South Carolina

---

[2]*Willis,* decided before the SRA, involved state and federal terms which were specifically ordered to run concurrently. Here, the petitioner's federal term was consecutive to his state term, as his state term expired prior to his federal term. *Kayfez* involved specific facts which were not present in this case, including the fact that the BOP had miscalculated the petitioner's credit and the two sentences were specifically ordered to run concurrently.